## AMERICAN RAILWAY EXPRESS COMPANY *v.* HARRY J. KRAFT.

[No. 3, January Term, 1928.]

*Decided February 20th, 1928.*

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William S. Thomas,* with whom was *J. Louis Raap* on the brief, for the appellant.

*Joseph L. McAllister,* with whom was *William R. Price* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

From a judgment entered on the verdict of a jury in favor of the plaintiff, in this suit for damages on account of personal injuries resulting from an automobile collision, the defendant has appealed. The accident happened when a car, driven by the plaintiff southwardly on Monroe Street, in the City of Baltimore, ran against the defendant's truck as it was being turned from its northward course towards a driveway leading westwardly from the street to the department store of Montgomery Ward & Company. The only exception pressed in the argument was taken to the refusal of the trial court to withdraw the case from the jury.

It was testified by the plaintiff and his witnesses that his car was proceeding at a moderate rate of speed along the western side of the street about five feet from the curb, and that, when the car was within a distance estimated at four to eight feet from the entrance to the department store driveway, the defendant's truck, without any warning by its

driver, was turned to its left in front of the plaintiff's car, which collided with the truck in the region of its right front wheel. The turning movement of the truck was described by witnesses as "short," "sharp," "quick" and "sudden." The plaintiff stated, in effect, that when he first saw the approaching truck it was about two hundred feet away, and that he continued to watch it until he was quite near it, and, supposing, in the absence of any indication to the contrary, that it would continue its northward course, he "dropped" his eyes to the street ahead, but the truck made a "quick swing" in front of his car, and he swerved to the right in an unsuccessful effort to avoid a collision. According to the testimony of the defendant's truck driver, when he turned towards the driveway to the department store the plaintiff's car was about one hundred feet to the north, and before the collision occurred the truck was stopped at a sufficient distance from the driveway to allow the car to pass on that side in safety.

The conflict in the evidence as to the circumstances of the accident presented an issue of fact which was clearly proper to be submitted to the jury for determination. In view of the evidence produced by the plaintiff, the court could not justifiably have ruled as a matter of law that the driver of the truck was not negligent in its operation or that the plaintiff was guilty of contributory negligence. It was argued that the plaintiff was chargeable with a want of due care because he "dropped" his eyes to the street just before the truck was turned across the line of his progress. This would be a plainly inadequate reason for a judicial declaration that the plaintiff was negligent, when his testimony explains that he withdrew his attention from the truck only after its continued forward movement induced him to believe that it was about to pass to the left of his car. He could not reasonably have been required to anticipate such a sudden and unsignaled turning of the car as the testimony on his behalf described. The case is one in which the jury could rationally infer the presence of primary and the absence of contributory negli-

gence, and the refusal of the court to direct a verdict for the defendant was therefore correct.

No point is made in the appellant's brief as to the remaining exceptions, which refer to three rulings on the admissibility of evidence, and to an alleged want of testimony to support the plaintiff's only granted prayer. There was no error in any of the rulings.

*Judgment affirmed, with costs.*